Seiberling, Miller & Co. v. Tipton.

---

SEIBERLING, MILLER & COMPANY, *Appellants*, v. TIPTON *et al.*

Division One, January 23, 1893.

1. **Land Title**: LEGAL AND EQUITABLE ESTATES: INTERVENING MORTGAGE: MERGER. While ordinarily where a legal and an equitable estate meet in the same right in one person, the equitable merges in the legal one, yet such is not the case where there are two mortgages and the prior mortgagee obtains a conveyance from the mortgagor or his grantee.

2. ————: ————: ————: ————. An intervening outstanding junior mortgage will prevent a merger in such case, if it is to the interest of the first mortgagee to keep the legal and equitable estate separate.

3. **Mortgage**: CONTRACT FOR POSSESSION: RELEASE. An agreement between a mortgagor and mortgagee merely for the latter to take possession of the premises to avoid a foreclosure will not operate as a discharge of the mortgage where the note evidencing the debt is not delivered up to the mortgagor.

4. ————: ENTRY OF SATISFACTION: PAROL EVIDENCE. An entry of satisfaction on the margin of the record of a deed of trust is but *prima facie* evidence of payment of the debt; like a receipt it is open to explanation by parol evidence.

5. ————: ————: ————. So it may be shown that the entry of satisfaction was made through some mistake of fact, *e. g.*, that the mortgagee was at the time ignorant of the existence of a second mortgage or judgment lien.

6. ————: MISTAKE IN DESCRIPTION OF PREMISES: NOTICE. One who accepts a deed of trust with knowledge that the premises are incumbered by a prior one cannot avail himself of a mistake in the description of the premises in such prior incumbrance to defeat it.

7. **Equity**: MISTAKE. Equity will correct mistakes in deeds as between the parties thereto and those holding under them with notice.

8. **Practice**: EJECTMENT: EQUITABLE DEFENSE. A superior equitable title may avail as a defense to an ejectment suit though no affirmative relief be asked and though all the parties necessary to such affirmative relief may not be before the court.

*Appeal from Barton Circuit Court.*—Hon D. P. Stratton, Judge.

Affirmed.

*J. M. Dye* for appellants.

(1) Plaintiffs made a *prima facie* case by showing that at the time Jester executed the deed of trust to plaintiffs, he, Jester, was in possession of the premises claiming the fee. *Dale v. Faivre*, 43 Mo. 556; *Davis v. Thompson*, 56 Mo. 39; *Norfleet v. Russell*, 64 Mo. 176; *Jackson v. Porter*, 1 Paine, 457; *Ricard v. Williams*, 7 Wheat. 59; *Duncan v. Harder*, 4 John. 202; *Harding v. Cook*, 5 M. & P. 181. (2) When no legal title to land is shown, the party showing the prior possession will be held to have the better right. *Schultz v. Lindell*, 33 Mo. 172; *Dale v. Faivre*, 43 Mo. 556. (3) Defendants were not entitled to any relief under the pleadings. If an ejectment be resisted by an equitable defense, the answer must contain all the elements of a complaint. (4) The deed of trust from Glase to Jewart put in evidence by defendants, was absolutely void for uncertainty in description, and imparted no notice. *Campbell v. Johnson*, 44 Mo. 247; *Boardman v. Redd*, 6 Pet. 328; *Hardy v. Mathews*, 38 Mo. 121; *Cass Co. v. Oldham*, 65 Mo. 50; 1 Greenleaf on Evidence [14 Ed.] secs. 297 to 301, inclusive; *Bell v. Dawson*, 32 Mo. 87; *Clemans v. Rannells*, 34 Mo. 579; *Evans v. Ashley*, 8 Mo. 178; *Carter v Holmes*, 60 Mo. 498. (5) It was not such an instrument as was authorized to be recorded by law, and therefore imparted no notice to subsequent incumbrancers. Revised Statutes, 1889,

secs. 2418 and 2419; *Martin v. Nixon*, 92 Mo. 34. (6) The agreement, by which Jewart took the property back from Jester, had the effect of discharging the deed of trust, whether he entered a formal discharge on the record or not. *McNair v. Picotte*, 33 Mo. 57; *Pease v. Iron Co.*, 49 Mo. 124. (7) If it is apparent that his intention at the time was to discharge the mortgage, the intention must prevail, and no subsequent change of intention can give affect to a lien that has been intentionally discharged. *Aiken v. Railroad*, 37 Wis. 469; *Hunt v. Hunt*, 14 Pick. 374; *Gardner v. Aster*, 3 John. Ch. 53; *Dickason v. Williams*, 129 Mass. 182; 2 Devlin on Deeds, secs. 1319, 1321; *Eaton v. Simonds*, 14 Pick. 98; *Runyon v. Stewart*, 12 Barb. 537; *Atkison v. Angert*, 46 Mo. 517. (8) A mortgage, irregular upon its face, can only be foreclosed in a court of equity. *McQuie v. Peay*, 58 Mo. 56; *Carter v. Holmes*, 60 Mo. 498.

*H. C. Timmonds* for respondents.

(1) In actions of ejectment recovery on prior possession is generally limited to cases where the defendant is a mere intruder or trespasser, and does not extend to cases where defendant is in possession under color or claim of title. *Prior v. Scott*, 87 Mo. 303; *Dunn v. Miller*, 75 Mo. 260. (2) An equitable title will prevail over a legal title where the holder of the legal title had notice of the equities, or had such means of knowledge as to put him on inquiry. Plaintiffs did have notice. *Swisher v. Sensenderfer*, 84 Mo. 104; *Meier v. Blume*, 80 Mo. 179. (3) Where an equitable defense or title is pleaded to an action in ejectment, it is not necessary that there should be a prayer for affirmative relief or for a reformation of the defective conveyances pleaded. *Harris v. Vinyard*, 42

Mo. 568; Sedgwick on Trial of Titles, sec. 488.    (4) In the absence of a special agreement to that effect, the quitclaim deed from Jester to Jewart's wife did not extinguish the deed of trust held by Jewart. *Christian v. Newberry*, 61 Mo. 446; *Hill v. Bube*, 3 Kernan, 556. (5) The momentary release written on the margin of the deed of trust by Jewart, in ignorance of the fact that a subsequent mortgage was held by plaintiffs, did not deprive Jewart of his lien, and equity will still enforce it as a prior lien.  Jones on Mortgages, secs. 966–972; *Ferguson v. Glassford*, 35 N. W. Rep. 821; *Hanlon v. Doherty*, 9 N. E. Rep. 782.

BLACK, P. J.—This is an action of ejectment for lots 1 and 2, block 1, in the town of Dublin in Barton county.    The defendants, Tipton and his tenant Cook, answer by way of an equitable defense.    The court found for defendants, and the plaintiffs appealed.

The facts are these:    On the twelfth of October, 1881, Jewart sold and conveyed the property to Samuel Glase; and the latter, at the same time, executed to Morlan a deed of trust to secure two notes signed by Glase and payable to Jewart, one for $100 and the other for $400, being the purchase price of the property, except $100 paid in cash by Glase.    This deed and deed of trust describe the property as lots 1 and 2, making no mention of the block.    Afterwards and on the twenty-fifth of November, 1882, Glase, by a proper description, conveyed the lot to Jester.    This deed states that it is made subject to a mortgage to E. A. Jewart, dated the twelfth of October, 1882, for $400. The deed of trust to which reference is thus made, called a mortgage, being the one before mentioned, bears date the twelfth of October, 1881.    The $100 note had been paid at that time, so there was in fact but $400 then unpaid.    On the twenty-fourth of January,

1883, and after the before-mentioned deeds and deed of trust had been recorded, Jester and wife conveyed the lots to a trustee to secure a debt of $595 owing by him to the plaintiffs. At this time Jester was in possession of the lots.

Thus matters stood until the fall of 1884, when Jester, being unable to pay the $400 note, turned over possession to Jewart. On the thirteenth of October, 1884, Jester executed a quitclaim deed to the wife of Jewart. In Feburary, 1886, Jewart sold the lots to defendant Tipton. Jewart at that time went to the recorder's office and acknowledged satisfaction on the margin of the deed of trust made by Glase to him to secure the $400 and $100 notes; but before he left the office he heard, for the first time, of the deed of trust from Jester to the plaintiffs, and he then and there caused the recorder to erase the marginal entry of satisfaction. He then gave Tipton a title bond. To perfect the title he caused the sheriff, acting as trustee, to sell under his deed of trust, and Tipton became the purchaser at a sale made on the third of April, 1886, and then went into possession. This deed followed the deed of trust and therefore did not correctly describe the property. Jewart still held the $400 note secured by this deed of trust and signed by Glase.

Subsequently to all this and in 1888, the plaintiffs caused the lots to be sold under their deed of trust, and they became the purchasers at that sale, and they then brought the suit.

1. The claim of the plaintiffs that the quitclaim deed from Jester to the wife of Jewart operated as a satisfaction of the prior deed of trust held by Jewart cannot be sustained. Treat this quitclaim deed as having been made to Jewart himself instead of his wife, still there was no merger of the legal and equitable titles. While the general rule is that where the legal

and equitable estates come to one person in the same right, the equitable merges in the legal estate; still that rule does not apply where there are two mortgages, and the prior mortgagee acquires a conveyance from the mortgagor or his grantee. In such cases the intervening outstanding junior mortgage will prevent a merger, if it be to the interest of the first mortgagee to keep the estates separate, and that is the case here. *Collins v. Stocking*, 98 Mo. 290.

2. The next contention that the deed of trust held by Jewart was paid, and therefore discharged by an agreement between Jewart and Jester is, we conclude, not true in point of fact. Jewart testified that, in the fall of 1884, he went to Jester and requested him to pay the Glase note, but Jester could not pay and wanted to give up the property. Jewart says Jester then said to him, "You go into possession of the premises and give Glase back his notes, and I will move out; and you won't have to foreclose your deed of trust. I told him I would do so, and I did go into possession under that understanding." The plaintiffs place much reliance upon this extract from the evidence of Jewart; but his further evidence is that there was nothing said about giving up the note or notes to Glase, the maker of them. The proof shows beyond doubt that Jewart did not give up but continued to hold the $400 note. There was no occasion for such an alleged agreement between Jewart and Jester, for though Jester bought the property subject to the deed of trust securing this note, still he did not make himself personally liable for its payment, either to Glase or Jewart. He simply took the lots subject to the deed of trust. Jester could not pay the deed of trust, subject to which he purchased the property, and in view of this fact he yielded up possession to Jewart as he was in duty bound to do, and this is all there was of it. There was no agree-

ment that the mortgage debt should be satisfied in consideration that Jester yielded up possession.

3. It is next urged that the first or Jewart deed of trust was satisfied by force of the marginal entry made by him. In considering this question it is to be remembered that the plaintiffs did not take their second deed of trust, relying on this entry of satisfaction; for they took their deed of trust long before that entry was made. Aside from giving notice, the statutory entry of satisfaction of a mortgage or deed of trust has no greater force or effect than a receipt acknowledging payment of the debt. The entry makes *prima facie* evidence of payment; but, like a receipt, it is open to explanation; and it may be shown by parol evidence that no payment was in fact made. *Valle's Adm'x v. Iron Mountain Co.*, 27 Mo. 455; *Chappell v. Allen*, 38 Mo. 213; *Joerdens v. Schrimpf*, 77 Mo. 383. So it may be shown that the entry of satisfaction was made through some mistake of fact. 2 Jones on Mortgages [4 Ed.] sec. 966.

The entry of satisfaction was made on the twenty-third of February, 1886, and attested by the recorder. The recorder testified: "Jewart came into my office and said he wanted to release a deed of trust from Glase and wife to him. I got the record down and filled out the release on the margin of the record, and he signed it, and I attested his signature as recorder. After the release was made, I told him there was another deed of trust on the same property, and that if his was released the other one would attach as a first lien. He said he wanted the release taken off, and I took a knife and tried to erase it." Jewart testifies in positive terms that he had no knowledge of the second deed of trust when he signed the entry of satisfaction. Other parts of his evidence tend to show that he had such information; for he speaks of a conversation with the agent

of the plaintiffs, and says the agent then said plaintiffs had a second mortgage on the Jester property. The agent denies that he ever had any such conversation, and the date of it is not stated. The trial court, with the parties before it, found that Jewart did not know of the second deed of trust when he signed the entry made by the recorder. The circumstances all go to support this finding, and with it we are satisfied.

The rule that it is competent to show that the entry of satisfaction was made through a mistake of fact has been applied and is properly applicable in cases like this, where the party making the satisfaction was at the time ignorant of the existence of a second mortgage or judgment lien. *Bruse v. Nelson*, 35 Iowa, 158; *Hutchinson v. Swartsweller*, 31 N. J. Eq. 205.

It follows from what has been said that Jewart did not lose his security evidenced by the deed of trust by reason of the marginal satisfaction.

4. The plaintiffs seek to recover for the further reason that the Jewart deed of trust does not describe the property in suit. That there was a misdescription in the deed from Jewart to Glase and in the deed of trust back to secure the notes, in this, that no mention was made of the block, is conceded. The defendants, however, aver a mutual mistake in this respect, and aver notice thereof to these plaintiffs when they took their incumbrance.

As the plaintiffs claim under the deed from Glase to Jester they are charged with constructive notice of the matters recited in that deed. That deed contains the reference to the Jewart deed of trust before set out, and, though there is a mistake in the recital as to the date of the deed of trust, still the recital was sufficient to put plaintiffs upon inquiry. Had they pursued that inquiry, as they were in equity bound to do, they could not have failed to discover the mistake in the deed of

trust.  But, aside from this, there is clear proof that the agent of the plaintiffs knew that Jewart held a deed of trust for $400 on these lots at the time he accepted the second deed of trust from Jester.  The plaintiffs, therefore, had notice of all of the facts.

The law is certainly well settled that a court of equity will correct mistakes in deeds as between the parties thereto and those holding under them with notice.  It is sufficient to cite *Martin v. Nixon*, 92 Mo. 26.  The defendant Tipton, holding under Jewart, has the better title.

But it is here urged that this superior equitable title cannot avail the defendants in this case, because they do not pray for affirmative relief, and because all of the parties are not before the court who should be before it in order to grant such relief.  In the first place it is not necessary that the defendants should pray for relief.  They may set up their equities as a defense, and as a defense only, if they so elect.  These superior equities alleged and proved will defeat a recovery by the plaintiffs, though all of the parties necessary for affirmative relief are not before the court.  *Harris v. Vinyard*, 42 Mo. 568.  We do not say such relief could not be given in this case, though Glase and Jewart are not parties hereto.

As Jewart gave defendant Tipton a title bond for the conveyance of the lots, the latter has succeeded to the rights of the former; and it is a matter of no moment that the deed to Tipton, made by the sheriff acting as trustee, cannot be corrected by a court of equity.  For all of the purposes of this case that alleged conveyance may be laid out of view, and still the defendants have the right, justice and law of this case; and accordingly the judgment is affirmed.  All concur.