GRIGSBY et al. v. BARTON COUNTY et al., Appellants.

169 221
101a ¹138
101a ¹433

Division One, June 18, 1902.

1. **Amended Pleadings:** NEW CAUSE: TEST. Where the point has been raised that by amending the petition a new cause of action has been stated, the test is whether or not the same evidence would have been required to support both petitions, and whether or not the same judgement could be rendered under both. If so, there is no departure.

2. ———: ———: NECESSARY PARTIES: SCHOOL MORTGAGE: MISTAKE: BONDSMEN. . All parties who will be affected by the correction of a mistake in the description of land mortgaged to the county to secure the payment of money borrowed from the school fund, should be made parties to a suit to reform the deed. The necessary parties in such case are the principal in the bond, the grantee to whom he sold the premises after the bond and mortgage were executed, and the county. But the sureties on the bond are not improper parties, and an amendment of the petition which brings them in as plaintiffs is not such a change as to be a departure,

Appeal from Barton Circuit Court.—*Hon. W. L. Jarrott,.* Judge.

AFFIRMED.

*Thurman, Wray & Timmonds* for appellants.

(1)    Grigsby's original petition stated no cause of action in himself.    It alleges that he executed a school-fund mortgage to Barton county; that a mistake was made in describing the property; that subsequently he (Grigsby) sold the premises to defendant Poole, and his deed of conveyance to Poole "was made subject to said mortgage of six hundred and twenty-five dollars, and of the consideration of such conveyance the amount of said mortgage debt was not paid to plaintiff;" that defendant was informed and understood that said mortgage covered the land conveyed to him, and prayed for decree reforming the mortgage.  Under the allegations of the petition, Grigsby had parted with the land, he had no further interest therein, and the only claim, if any, that he would have, would be an action at law for the balance of the purchase price.    (2)    In the paper called "second amended petition," Grigsby joins with him four new parties plaintiff; so does the first amended petition which is substantially the same as the second amended petition; sets up the same state of facts as the original petition with the further allegations that the four new plaintiffs were securities on the school-fund bond executed by Grigsby; that Grigsby is insolvent; that Poole assumed and agreed to pay off the mortgage; that the land described in the mortgage is not of sufficient value to pay the mortgage debt; and that they (the four new plaintiffs), in case of foreclosure, would have part of the debt to pay.    This second amended petition (and the first amended petition is substantially the same) does not state a cause of action in favor of Grigsby for the reasons set forth under point 1, and for the further reason that it alleges him to be insolvent and makes no pretense or claim that he is in any danger.    It states no equitable cause of action in favor of the four new plaintiffs.    They have paid nothing; they may never have any to pay; it makes no allegation or pretense that defendant Poole is not financially re-

sponsible. (3) A petition can not be so amended, even under the liberal provisions of the Code, as to state an entirely different cause of action from the one declared on in the original petition. Heman v. Glann, 129 Mo. 325; Sears v. Mortgage Co., 56 Mo. App. 122; Sims v. Field, 24 Mo. App. 565. (4) The statute does not authorize the court to add, by way of amendment, the name of the only substantially plaintiff or defendant, as that would be the substitution of an entirely new suit by way of amendment. Courtney v. Sheehy, 38 Mo. App. 291; Altheimer v. Teuscher, 47 Mo. App. 284; Clements v. Greenwell, 40 Mo. App. 589; Thieman v. Goodnight, 17 Mo. App. 434. (5) And a motion to strike out the amended petition is the proper practice. Heman v. Glann, supra; Sears v. Mortgage Co., supra; Sims v. Fields, supra.

*Cole & Burnett* for respondents Grigsby et al.; *E. L. Moore* for respondent Barton county.

(1) The original petition stated a cause of action. Plaintiff Grigsby is a party to the contract sought to be reformed—grantor in the school-fund mortgage—and as such has the right to maintain this suit as the real party in interest. Where a mistake in a deed is mutual and the evidence is clear and convincing to that effect, a court of equity will reform it. Henderson v. Beasley, 137 Mo. 199; Trust Co. v. McDonald, 146 Mo. 467. In all cases of mistakes in deeds, courts of equity will interfere as between the original parties, or those claiming under them in privity such as personal representatives, or purchasers from them with notice of the facts. Martin v. Nixon, 92 Mo. 35; Seiberling, Miller & Co. v. Tipton, 113 Mo. 381; Young v. Cason, 48 Mo. 259; Young v. Coleman, 43 Mo. 179. Grigsby having inadvertently and innocently made a mistake in describing the land in the school-fund mortgage, had the right to ask a court of

equity to make the correction.   Dodson v. Lomax, 113 Mo.
555.   (2)   If plaintiffs Van Meter, Harris, Elam and Min-
nice were necessary parties to a complete determination of the
controversy, bringing them in by an amendment of the peti-
tion was proper.   Secs. 2098 and 2099, R. S. 1889; Butler
v. Lawson, 72 Mo. 227; Hayden v. Marmaduke, 19 Mo. 403;
Merrill v. St. Louis, 83 Mo. 224.   A petition may be
amended without prejudice to the proceeding already had at
any time before the answer thereto is filed.   Sec. 2102, R. S.
1889; Morrison v. Herrington, 120 Mo. 665.   And the peti-
tion may be amended by adding new parties plaintiff or
striking out parties plaintiff.   Ragan v. Railroad, 111 Mo.
456; Merrill v. St. Louis, supra; Davis v. Ritchie, 85 Mo.
501.

BRACE, P. J.—This is a suit in equity instituted by
George W. Grigsby as plaintiff, against Barton county and
A. C. Poole as defendants, to correct an alleged mistake in
the description of the premises in a school-fund mortgage exe-
cuted by the said George W. Grigsby to the county of Barton
to secure the payment of a bond for $625, with interest, given
by the said Grigsby as principal with his co-plaintiffs, A.
Van Meter, G. W. Harris, N. B. Elam and S. J. Minnice as
his sureties, for that amount of money borrowed of the school
fund of said county.   The premises having been afterwards
conveyed by deed to defendant A. C. Poole subject to the
mortgage.

From the decree of the circuit court correcting the mis-
take as prayed for, this appeal is taken; the only error as-
signed for reversal being the refusal of the court to sustain
the following motion:

"Now comes the defendant, A. C. Poole, and moves the
court to strike out the paper filed herein called the second
amended petition, filed September 28, 1898, for the reason

that the same joins four new parties plaintiff, who were not parties to the original suit in this case, and who are not, under the facts alleged in the original petition, entitled to any relief; and the only plaintiff in the original petition had no cause of action against this defendant upon the facts stated in his petition, and costs have accrued under the original petition, prior to the filing of said second amended petition, and said second amended petition changes substantially the original cause of action and sets up an entirely new and original cause of action in favor of said new plaintiffs, viz.: Van Meter, Harris, Elam and Minnice."

The county answered the petition, consenting that the prayer of the petition be granted. The defendant, Poole, after the court overruled the motion, refused to plead further, and is really the only appellant. The alleged mistake was the omission in the description of the premises conveyed in the mortgage of a part of a lot which was included in the description of the premises conveyed to Poole. The cause of action stated in the amended petition is precisely the same as in the original petition, the only difference between them being that in the amended petition some evidential facts were stated that were not stated in the original petition, but which did not change the cause of action, and the making of the said Van Meter, Harris, Elam and Minnice parties plaintiff— stating their relation to the subject-matter. Of course, the original petition did not state a cause of action in their favor against the defendants, but making them parties to the cause of action therein stated, did not change the cause of action. The same evidence would have been required to support, and the same judgment to be rendered in the one as in the other, and this is the test of identity. [Liese v. Meyer, 143 Mo. 547; Holt Co. v. Cannon, 114 Mo. 514; Scovill v. Glasner, 79 Mo. 449.]

Vol. 169 mo—15

The plaintiff, Grigsby, was a party to the original contract in which the alleged mistake was made, and although he had conveyed the land to Poole, subject to the mortgage, he remained personally liable on the bond, and the extent of that liability was increased as was that of his sureties by reason of the mistake. "It is the general rule that a mistake in an instrument can be corrected in equity only when the litigation is between the original parties, or those in privity with them" and "all parties who would be affected by the correction of the mistake must be made parties to the suit." [14 Ency. of Plead. and Prac., 46; Dodson v. Lomax, 113 Mo. 555; Seiberling v. Tipton, 113 Mo. 373; Martin v. Nixon, 92 Mo. 26.] Hence, Grigsby had a right of action to correct the mistake.

The correction of the mistake would also in like manner affect his sureties on the bond the mortgage was given to secure, and they had an interest in the cause of action; whether they were necessary parties or not they were not improper parties, and the question as to whether they were necessary parties is not raised by this motion. The original parties to the contract, their privies, and all who would be affected by this correction, had been properly made parties and were before the court as they should be in a case of this kind, when this motion was filed, and the court committed no error in overruling it. All the costs of the proceedings, except those unnecessarily made by the appellant, were taxed against the plaintiffs, so that he has no ground of complaint on that score.

The judgment of the circuit court is affirmed. All concur.