**BOESEL et al. v. PERRY et al.**

No. 28985.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Rehearing Denied June 11, 1954.

W. A. Brookshire, Columbia, for appellants.

Roberts & Roberts, Farmington, for respondents.

WOLFE, Commissioner.

This is a suit whereby the plaintiffs sought to enjoin the sale of real estate, under the foreclosure of a deed of trust. They also sought to have the deed of trust

canceled. A temporary injunction was granted but upon trial of the issues there was a judgment dissolving the injunction and dismissing plaintiffs' action. From this judgment the plaintiffs appealed to the Supreme Court, which transferred the cause to this court, 262 S.W.2d 636, as title to real estate is not involved and the jurisdiction of the appeal rests here.

The facts of the matter are that William H. Perry sold to Boesel and Baker a parcel of real estate located in St. Francois County, Missouri. Perry gave them a warranty deed which he executed as a single person and he took from them, in part payment of the purchase price, a note for four thousand dollars secured by a deed of trust upon the property. K. C. Weber was named as trustee in the deed of trust and the note it secured was payable in monthly installments of one hundred dollars plus interest at the annual rate of six per cent.

Perry had no permanent address so he arranged to have the monthly payments on the note sent to a lawyer named Brady, who maintained an office and practiced in the City of St. Louis. Brady had no connection with the original sale of the property to the plaintiffs but merely collected the payments on the note and forwarded them to Perry. After quite a few payments had been made a lawyer named Brookshire, who represented Boesel and Baker the signers of the note and deed of trust, called upon Brady and informed him that there was a question about the warranty deed by which his clients held title. He said that Perry had signed it as a single person when he was in fact a married man. Brookshire said that by reason of this Perry's wife might claim a dower interest in the real estate. Brady looked into the matter and found that Perry had been married but that he was of the opinion that his wife, from whom he had been separated for some time, had obtained a divorce and was remarried. He did not know where his wife was located except that when last heard of she had been living in California.

Brady suggested to Brookshire that any interest Perry's wife might have in the property Perry had sold to Boesel and Baker could be eliminated by getting a divorce for Perry and then having him execute a quitclaim deed to Boesel and Baker. Both lawyers discussed this as a means of satisfying the plaintiffs that they had a good title from Perry, and according to Brady it was agreed between them that this procedure should be followed.

Thereafter Brady brought suit, obtained a divorce for Perry and after the divorce was granted had him execute a quitclaim deed to Boesel and Baker. He sent a copy of the decree and the deed to their lawyer Brookshire. Boesel and Baker then stopped making payments on the note secured by the deed of trust and the trustee advertised the property for sale. It was then that they brought this suit to enjoin the sale and cancel the deed of trust on the theory that the quitclaim deed given to correct their title had released Perry's rights under the deed of trust. There was no consideration for the quitclaim deed and it was given solely for the purpose of perfecting the title that Perry had sought to transfer by his original warranty deed.

Prior to the execution of the quitclaim deed there had been some discussion between Brookshire and Brady about discounting the note if Boesel and Baker paid it in full, but this was in no way related to the quitclaim deed. Brookshire testified that he had asked for a warranty deed. This was denied by Brady. There was also evidence that Boesel had acquired Baker's interest in the property. Brookshire himself testified that he knew of no consideration for the quitclaim deed.

As stated, the court found against the plaintiffs and they contend that the finding was erroneous in that the quitclaim deed which contained no limitations conveyed all of Perry's rights to the property and thus released the deed of trust.

The plaintiffs who came into equity seeking injunction had the burden of showing the circumstances which made it essential to justice that the defendants be enjoined. In order to obtain the injunction

that they sought it was incumbent upon them to show that to allow the foreclosure sale would be contrary to equity and good conscience. Commission Row Club v. Lambert, Mo.App., 161 S.W.2d 732; 43 C.J.S., Injunctions, § 1, page 405. To sustain the burden so placed upon them, the plaintiffs rely upon the quitclaim deed which was a printed form in common use. It recited that Perry did "release and quitclaim" to Boesel and Baker the real estate described. It is maintained that Perry could not "question" his own deed and that the court's inquiry should have been limited to the document itself. This postulate fails to take into consideration the maxim that equity regards substance rather than form. By force of this, equity goes behind the form of a transaction to give effect to the intention of the parties. It will not impose liability where there is a formal concealment of the true character of a transaction and it will sanction no inequity merely because of the form or mode of creating it. Johnson v. United Railways Co., 281 Mo. 90, 219 S.W. 38, loc. cit. 67; Melvin v. Hoffman, 290 Mo. 464, 235 S.W. 107, loc. cit. -115; Moore v. Carter, 356 Mo. 351, 201 S.W.2d 923, loc. cit. 929; Godwin v. Gerling, 362 Mo. 19, 239 S.W.2d 352, loc. cit. 361.

██ The effect of a quitclaim deed as the release of a mortgage is a matter of intent and such a deed from the mortgagee to the mortgagor will not effect a release where it appears that such was not the intention of the parties. 59 C.J.S., Mortgages, § 458, page 722; 37 Am.Jur., § 1318, p. 487; Chesney v. Valley Life Stock Co., 34 Wyo. 378, 244 P. 216, 44 A.L.R. p. 1255. The evidence is clear and uncontradicted that the sole purpose of the deed was to eliminate the dower interest that Perry's wife might assert. The plaintiffs could point to no other purpose for it or to any consideration for the deed. Having obtained it for this one purpose, they seek to enforce it in such a way that the real estate will be free of the encumbrance of the deed of trust that they placed upon it. Equity cannot be so employed.

██ "It is the rule that a court of equity will not aid one who comes into court with unclean hands. * * A court of equity will look into the very spirit of the transaction involved and decide for itself whether a cause, otherwise meritorious, is based on such a dishonest purpose as to justify a refusal to entertain a suit involving such a transaction. * * * But misconduct which will bar an action in equity does not necessarily need to be fraudulent, it is enough that the party seeking relief has been guilty of inequitable conduct in the very matter about which affirmative relief is sought." Moore v. Carter, supra [356 Mo. 351, 201 S.W.2d 929]; Godwin v. Gerling, supra.

It would obviously be inequitable to cancel the deed of trust given to secure the plaintiffs' note when the deed upon which they rely to accomplish this was not intended for that purpose, and the trial court properly denied their request.

The defendants filed a motion to dismiss the appeal which was submitted with the case and this should be overruled.

For the reasons stated, it is the recommendation of the Commissioner that the motion to dismiss the appeal be overruled and that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the Court.

Respondents' motion to dismiss the appeal is accordingly overruled and the judgment of the circuit court affirmed.

ANDERSON, P. J., BENNICK, J., and BROADDUS, Special Judge, concur.