Harry L. SHINER and Myrtle F. Shiner, Plaintiffs-Respondents,

v.

Ethel POLK, by her Guardian and Curator, Martha T. Corn, and Martha T. Corn as Curator of Ethel Polk, and Arvid Owsley, Sheriff of Jackson County, Missouri, Defendants-Appellants.

No. 23895.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Allan R. Browne, Ennis, Browne & Martin, Kansas City, for appellants.

Ayers Blocher, Kansas City, for respondents.

SPERRY, Commissioner.

This cause was transferred to us from the Supreme Court.

Plaintiffs, Harry L. and Myrtle F. Shiner, husband and wife, brought this suit against defendants, Ethel Polk, and Arvid Owsley, Sheriff of Jackson County, to enjoin and restrain them from foreclosing a deed of trust securing a note on certain real estate therein described. After the suit was instituted, Martha T. Corn was duly appointed Guardian and Curator of defendant Polk, and was made a party defendant in this cause. Upon a trial to the Court there were findings for plaintiffs and a judgment thereon in their favor, enjoining and restraining defendants from foreclosing the deed of trust. Defendants appeal.

Mrs. Shiner testified to the effect that she and her husband had purchased a note secured by a deed of trust on the property in suit; that there was, at the time of their purchase, a prior note and deed of trust for some $4650.00, on said property, which note was owned by Mrs. Polk; that plaintiffs owned the note and deed of trust, so purchased by them, at the time of the trial; that both notes were executed by James and Lucy Lee Dodson, who then owned the

property; that, in November, 1960, witness and Mrs. Polk went to the office of Judge Johnson, Plaintiffs' attorney; that Mrs. Polk had told witness that she would like to buy plaintiffs' note and mortgage; that, when they reached the attorney's office, Mrs. Polk looked at her bank book and stated that she did not have enough money to pay for the note at that time; that Mrs. Polk stated that she had not authorized foreclosure of her deed of trust; that Mrs. Polk also stated that she had received from the Dodsons a deed for the property, for which she had paid $365.00, and had agreed to return her note and deed of trust to the Dodsons for cancellation.

Judge Johnson testified to the effect that Mrs. Polk and Mrs. Shiner came to his office and discussed the above mentioned matter, as Mrs. Shiners stated; that he prepared a statement in longhand for Mrs. Polk and that she signed it in his presence; that no stenographer was then present in the office. The statement, exhibit five (5), was introduced into evidence. It is as follows:

"I, Ethel Polk, did not at any time authorize the Sheriff of Jackson County or Mr. Edward J. Eisman to foreclose the deed of trust which I hold on the South 40 feet of Lots 1 & 2, Block 2, Walnut Grove in Kansas City, Missouri recorded in Book B 6048 at page 609 in the office of the Recorder of Deeds for Jackson County, Missouri at Kansas City, Missouri, and which note signed by James and Lucy Lee Dodson I gave to Mrs Dodson to be cancelled when Mrs Dodson gave me a deed I also gave then $360.00.

dated Nov. 8, 1960
Ethel Polk
2636 Forest
Kansas City, Mo."

Mrs. Polk testified to the effect that she was then seventy five years of age; that she was the owner of a note and deed of trust herein mentioned; that she had never told anyone to cancel them; that she had never cancelled them; and that the note had never been paid. She was shown exhibit five (5) and stated that she had never before seen it; that she did go to a lawyer's office with Mrs. Shiner; that she was not then "at myself"; that her fever was up; that she remembered talking to Judge Johnson; that she did not agree or intend to cancel anything; that the signature on exhibit five (5) "looks like my signature"; that, when she received a deed from the Dodsons for the property she paid them "$360.00 for their interest that they had," but did not agree to cancel her note; that she did not know there was a second mortgage on the property. She stated that she didn't go to a lawyer's office (Judge Johnson) for her business and did not remember what was discussed; that the signature on exhibit five (5) "looks kind of like my signature; the other writing is not mine". She said that she did not take out her bank book, look at it, and say that she did not have enough money to buy the note; that nothing was said about buying the note; that she was in the office ten or fifteen minutes and that Mrs. Shiner took her to her home in a car.

The warranty deed, dated Feb. 23, 1960, signed by the Dodsons, was introduced in evidence. By it the property herein was conveyed to Mrs. Polk; "Subject to First and Second deeds of trust and notes now of record". It is also recited that the property was conveyed free from incumbrance "except as above stated".

The Court found the issues for the plaintiffs, and found that defendant Polk agreed, when she purchased the property from the Dodsons, to cancel her note and deed of trust as a part of the consideration paid for the deed from the Dodsons; that the note and deed of trust held by plaintiffs are in full force and effect, and constitute a first lien upon the real estate herein. It was decreed that the "Polk" note be cancelled and for naught held; that the "Shiner" note and deed of trust is the property of plaintiff, Myrtle F. Shiner; that defendants are perpetually enjoined from foreclosing the

"Polk" note; that damages prayed for by the defendants be denied; and that costs be assessed against defendants.

In a case tried to the Court it is reviewed *de novo* upon both the law and the evidence, as are suits of an equitable nature; but due deference is given to the trial Court's findings on the facts due to its more favorable position to evaluate and judge credibility of witnesses. Clay v. Eagle Reciprocal Exchange, (Mo.) 368 S. W.2d 344, 350; Mueller v. Larrison, Mo., 355 S.W.2d 5, 8. Our review of the record in this case indicates that the Court's findings are fully supported by the evidence and are correct.

Defendants assert that plaintiffs do not come into Court with clean hands. However, the point is not pressed in that portion of the brief devoted to argument. We find no merit in this point.

The judgment is for the right party. "Ordinarily where the holder of the indebtedness accepts a deed from the owner of the property a merger takes place, but the whole matter rests upon intention"; Reed v. Inness, 288 (Mo.App.) 102 S.W.2d 711, 716; Boesel et al. v. Perry et al. (Mo. App.) 268 S.W.2d 68, 70. In this case there was evidence to the effect that Mrs. Polk stated to plaintiffs' attorney, in the presence of one of plaintiffs, that she paid the Dodsons a substantial sum for their deed and agreed to "Cancel" her note and deed of trust. She admitted that she did visit a lawyer's office, with Mrs. Shiner, but said that she did not remember clearly what was discussed, although she remembered being taken to her home from the office by Mrs. Shiner in her car. She was shown exhibit five (5) and stated that she did not remember having previously seen it, but stated that the signature thereon "looked" like her's. Judge Johnson and Mrs. Shiner stated that Mrs. Polk signed it in their presence after having stated that she had paid the Dodsons for the warranty deed and agreed with them to "Cancel" her note and

deed of trust. They further stated that Mrs. Polk stated that she had not authorized foreclosure and wanted to buy the Shiner note but did not have the money, at that time, to pay for it.

This constitutes convincing evidence of Mrs. Polk's intention to release her deed of trust and merge the titles at the time she accepted and paid for the warranty deed from the Dodsons. We so hold.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.