Thomas W. DeWEES et al., Plaintiffs-
Respondents,

v.

Arthur STOUP, Trustee, et al.,
Defendants-Appellants.

No. 25945.

Missouri Court of Appeals,
Kansas City District.

April 2, 1973.

Motion for Rehearing and/or Transfer
Denied May 7, 1973.

Arthur H. Stoup, Martin B. Dickinson, Kansas City, for defendants-appellants.

Thomas M. Sullivan, Downey, Sullivan and Fitzgerald, Kansas City, for plaintiffs-respondents.

DIXON, Chief Judge.

This three-party litigation was brought by plaintiffs, Thomas W. DeWees and Mildred M. DeWees, and their co-plaintiff, Southeast State Bank, against Arthur Stoup, Trustee, Sam Hoff and Mildred Hoff.

Plaintiffs' joint petition sought declaratory relief: first, that plaintiffs DeWees were entitled to have title to certain lands in Jackson County quieted in them as against the title of defendants Hoff acquired by foreclosure of a deed of trust; and, second, that a deed of trust held by the plaintiff Southeast State Bank was a paramount and superior lien to any of the interests of the other parties. Defendants Hoff cross-petitioned that the title to the real estate be quieted in them and the trial court granted that relief. No appeal was taken by the plaintiffs DeWees, and the

determination of the trial court that the title be quieted in defendants Hoff is not in issue. Defendants Hoff have appealed, contending that the lien of the Southeast State Bank should not have been declared superior to their title.

Plaintiffs DeWees purchased the land in question from defendants Hoff. Subsequent to the purchase, the DeWeeses borrowed $18,000 from plaintiff, Southeast State Bank. The note required payment in one sum on February 10, 1966, and was secured by a deed of trust filed in November, 1965. The funds from the loan were used to construct a house on the land. In February, 1966 DeWees executed a new note and deed of trust for $18,000 with monthly payments. This was a "permanent" loan given by the Bank on DeWeeses' assertion they were going to live in the house. The deed of trust for the "permanent" loan was recorded March 2, 1966. The "construction" deed of trust was released of record March 2, 1966.

Defendants Hoff had loaned to DeWees $8,000 on December 17, 1965.[1] DeWees executed a deed of trust securing this note which described the land in question and other lands. It is a fair inference from the record that this loan was made to evidence the purchase price of the land in question, and that the failure to record was to permit DeWees to obtain the "construction" loan from the Southeast State Bank. On March 1, 1966, the deed of trust from DeWees to Hoff was recorded. The record amply demonstrates that defendants Hoff knew of DeWees securing the "construction" loan from Southeast State Bank prior to such recording.

Defendants Hoff then secured title by foreclosure under the March 1, 1966 recording of their 1965 deed of trust and this litigation ensued. The sole issue to be determined is the validity of the lien of the "permanent" loan of the Southeast State Bank.

The trial court in making its finding that the title of defendants Hoff was subject to the lien of the "permanent" loan of Southeast State Bank relied on the principle that the "permanent" loan had been "substituted" for the bank's earlier, and undoubtedly superior, "construction" loan. The trial court in its helpful memorandum cited Breit v. Bowland, 127 S.W.2d 71 (Mo.App.1939) and Greenfield v. Petty, 346 Mo. 1186, 145 S.W.2d 367 (1940), as authority for the principle. In Greenfield, *supra*, the Clay County Court loaned school funds to Petty who gave back to the county a mortgage on land to secure the loan. Petty later borrowed more money, this time from a bank, and placed a second deed of trust on the same land to secure this loan which, by its terms, was subject to the County's mortgage. Fifteen years later, the County Court decided to renew all mortgages 15 years old and more in order to prevent such mortgages from being outlawed. The Petty mortgage was then released on the margin of the record and, at the same time, a new mortgage was recorded. The new mortgage was for the identical amount, secured by the same land and executed by the same parties. Meanwhile, Greenfield bought the note and second deed of trust from the bank, which later became due, and he foreclosed. Shortly before the sale, the question of priorities of the respective liens was raised and suit was brought.

The Court in Greenfield, *supra*, citing Seiberling v. Tipton, 113 Mo. 373, 21 S.W. 4 (1893) and Christy v. Scott, 31 Mo.App. 331 (1888), noted that "the release of a mortgage is not conclusive as to its discharge, or as to payment of the indebtedness secured by the mortgage." 346 Mo. at 1193, 145 S.W.2d at 370. Furthermore, the old mortgage was released at the same time the new one was recorded, and, except for the date, the new mortgage was the same in every detail. No money changed hands, and there was no actual payment of the

---

1. This note recites it was past due when executed but the parties raise no issue concerning this.

old mortgage. Thus, the court held (considering all the evidence) that the contemporaneous recording by the county court of the new mortgage gave rise to a presumption of a contrary intent, that is, an intent to preserve and continue the priority rather than subordinate their senior lien to the junior lien of Greenfield. 346 Mo. at 1194, 145 S.W.2d at 371.

Hoff's contention that the bank's loan to DeWees was "radically" different, with regards to the bank's second deed of trust, has no merit. The bank's second deed of trust was virtually the same, except as to the date, as their 1965 deed of trust. The *same* amount of money was reloaned, to the *same* parties, secured by the *same* land, with the only change being in the form of payments. Again, as in Greenfield, *supra*, no money changed hands, and there was no actual payment of the old mortgage.

 Likewise, Hoffs' claim that the bank's release on the record of their 1965 deed of trust subordinated themselves to the Hoffs' deed of trust also lacks merit. The record fairly discloses that the release by the bank of the 1965 deed of trust given for the "construction" and the taking of the later deed of trust, as a "permanent" loan, were all contemporaneous with each other. Under these circumstances, the bank established prima facie that it was their intention not to release the lien of the 1965 deed of trust, but to renew the loan secured by it and "any reasonable doubt as to this issue is always resolved in favor of the first lien holder." Christy v. Scott, *supra*. The intent with which a release is made and not the making of the release governs, and that intent should be determined by the interest of the holder of the first deed of trust. Scott v. Hill, 330 Mo. 490, 498, 50 S.W.2d 110, 113 (1932), State ex rel. Breit v. Shain 342 Mo. 1148, 1152, 119 S.W.2d 758, 760 (banc 1938). Thus, considering all the evidence, it shows no intention by the Southeast State Bank to subordinate their senior lien to Hoffs' junior lien.

Defendants Hoff also contend that the recording of their deed of trust imparted notice of an intervening lien to the bank when they recorded their later deed of trust. The issue of notice is not important, even conceding the bank's knowledge of the recorded Hoff deed of trust, the cases cited are clear in pointing out that intent with which a real estate mortgage is released and *not notice* governs in determining whether the mortgage is extinguished as to the junior lien. Hence, the bank's knowledge of the Hoff deed of trust goes only to the matter of their intention in releasing the 1965 deed of trust. Breit v. Bowland, *supra*, 127 S.W.2d at 74.

The judgment is affirmed.

All concur.

SOMERVILLE, J., not participating because not a member of the court at the time the cause was heard.