Leon RIGGS, Trustee, and George William Pierson and Suzanne Pierson, Appellants,

v.

Edward G. KELLNER and Louise Kellner, and Arnold Bratland and Barbara Bratland, Respondents.

No. WD 36974.

Missouri Court of Appeals, Western District.

Aug. 12, 1986.

**4**

William J. Kleinkauf, Dallas, Tex., for appellants.

Richard L. Parker, Bethany, for respondents, Kellner.

R.E. Moulthrop, Bethany, for respondents, Bratland.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

BERREY, Judge.

This is an appeal of the trial court's judgment denying plaintiff's petition for judicial foreclosure on a deed of trust. This court reverses.

The facts material to this appeal are not in dispute [1] and are as follows:

George and Suzanne Pierson, the plaintiffs, owned 110 acres of land located in Harrison County, Missouri. On December 26, 1979, they sold the Harrison County property to defendants James and Kathryn Kellner, who in consideration made a promissory note in the amount of $96,250. The Kellners executed a deed of trust as security for the note; it was properly recorded by the county recorder of deeds on the same day.

On February 18, 1981, James and Kathryn Kellner executed a promissory note for $8,000 in favor of Edward and Louise

Kellner, also defendants in this action, and a second deed of trust was made to secure the note. This second deed of trust was recorded on February 24, 1981, in Harrison County. Thereafter on October 11, 1982, James and Kathryn Kellner executed a note for $8,000 and a corresponding real estate deed of trust to defendants Arnold and Barbara Bratland. This deed of trust was recorded on October 15, 1982.

Subsequently James and Kathryn Kellner filed for bankruptcy on December 22, 1983. The trustee in bankruptcy released all interest in the property to the secured creditors on February 15, 1984.

On July 16, 1984, defendants James and Kathryn Kellner executed and delivered to plaintiffs, George and Suzanne Pierson, a quitclaim deed which was accepted by the Piersons and recorded on July 23, 1984. The Piersons took possession, paid the taxes, and obtained insurance on the property in the name of the Kellners. Mr. Pierson testified the quitclaim deed was used only to show that he and his former wife, Mrs. Pierson, have rights in the property as tenants in common and not as tenants by the entirety.

Plaintiffs filed a petition to foreclose on their deed of trust and answers were filed by Edward and Louise Kellner and the Bratlands. After a hearing on the evidence the trial court entered a judgment finding the Piersons' deed of trust merged with the fee title acquired by the quitclaim deed extinguishing their lien and preventing the foreclosure. The court also found Edward and Louise Kellner now held the first deed of trust on the property and the Bratlands were next in line holding the deed of trust dated October 11, 1982. The Piersons' only point here on appeal disputes the court's findings alleging that they, as mortgagees, intended for a merger to occur.

Under the theory of merger, when property is conveyed by a mortgagor to the mortgagee, the equitable title is merged into the legal title, and the lesser

---

**1.** Many of the exhibits and facts were stipulated by the parties.

estate, or the lien held by the mortgagee, is destroyed. *Scott v. Hill*, 330 Mo. 490, 50 S.W.2d 110, 112 (Mo.1932); *Reed v. Inness*, 102 S.W.2d 711, 716 (Mo.App.1937). They are not favorites of the law, *Lundoff v. Garfinkel*, 467 S.W.2d 298, 300-1 (Mo.App. 1971), and, as such, the question of whether a merger occurred is dependent upon the intention of the parties. *Shiner v. Polk*, 374 S.W.2d 550, 553 (Mo.App.1963); *Reed v. Inness, supra*, 102 S.W.2d at 716; *see also Boesel v. Perry*, 268 S.W.2d 68, 70 (Mo.App.1954) (a determination of the parties' intention is also made when viewing the effect of a quitclaim deed as the release of a mortgage).

 The parties' intention to effectuate a merger is a question of fact, *Hayden v. Brock*, 157 Mo. 88, 57 S.W. 721, 723 (Mo.1900), and this court recognizes that deference must be given to the trial court's finding in this determination, *Shiner v. Polk, supra*, 374 S.W.2d at 553 [1, 2], however, it's judgment will not be sustained if there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

 Where the intention is expressly stated it shall be controlling. *Putney Realty Co. v. Frank*, 52 S.W.2d 1025, 1026 (Mo.App.1932); *Shiner v. Polk, supra*, 374 S.W.2d at 552-3. If not, the intention is presumed to be in accordance with the best interest of the parties as shown by the surrounding circumstances, *id.;* the interest of the holder of the first deed of trust is governing. *DeWees v. Stoup*, 494 S.W.2d 372, 374 (Mo.App.1973). Missouri law reveals a merger will not be declared where it would work against the interest of the first mortgagee to give the holder of an intervening encumbrances a greater lien or priority than he previously had. *Saline County v. Thorp*, 337 Mo. 1140, 88 S.W.2d 183, 186 (Mo.1935); *Scott v. Hill, supra*, 50 S.W.2d at 113; *Hayden v. Brock, supra*, 57 S.W. at 723. In this case, the subordinate lien holders, Edward and Louise Kellner and Arnold and Barbara Bratland, act as a

bar to the merger. Any other result would effectively destroy the Pierson's interest as a mortgagee. With the merger, the Piersons are left with the choice of holding onto the property subject to the claims of the defendants, or selling the property and using a portion of the proceeds to satisfy the defendants' liens. These choices are less desirable than those associated with the position of a first lien holder.

 Defendants take exception to the Piersons' attack claiming that the Piersons took possession of the property and asserted proprietary interest in the property which is indicative of the Piersons' intent to release the mortgage. In *Hayden v. Brock, supra*, 57 S.W. at 723, the Swinney Bank Company had a deed of trust and instead of foreclosing upon the deed, the bank took a quitclaim deed. Although the bank did not record the deed, it took possession of the property. The *Hayden* court found the bank did not intend for a merger to take place because its interest would be effectively destroyed because of an intervening claim. Similarly, the Piersons' admission in its petition that they had taken possession of the property is not wholly determinative of their intent.

 The defendants also charge that because Piersons were aware of the existence of the intervening liens, through the county records or otherwise, they accepted the deed subject to the intervening liens. This court has stated "that intent with which a real estate mortgage is released and *not notice* governs determining whether the mortgage is extinguished as to the junior lien." (Emphasis supplied). *DeWees v. Stoup, supra*, 494 S.W.2d at 374 (Mo.App. 1973).

The Piersons isolate the Supreme court's language in *Scott v. Hill, supra*, 50 S.W.2d at 113, that is befitting to the facts at hand and shall be repeated:

The intent with which the release was made and not the making of the release is the thing which governs, and that intent should be determined by the interest of respondent, the holder of the first

deed of trust. We say this because Bishop the holder of the second deed trust, or part with anything of value, or change his position in any manner whatsoever relying upon the fact that the first deed of trust had been released. The deed of trust appeared of record at the time Bishop acquired the second. He knew at the time he took the second deed of trust that his security was the equity in the land over and above the first deed of trust. He cannot be harmed by the restoration of the lien of the first deed of trust. In event of such restoration, he would then have exactly the same security he had at the time he acquired his second deed of trust. Equity will not permit him to reap where he has not sown.

Therefore, this court finds the trial court erroneously denied the relief prayed for by the plaintiffs. The judgment is reversed and the cause is remanded for further action not inconsistent with this opinion.

All concur.