*815 LOKEN, Circuit Judge,
dissenting.
I respectfully dissent. The court correctly states that the question is whether New Century’s 2006 deed of trust retained the first priority of the 2004 deed of trust, which New Century released of record two months before recording the 2006 deed of trust. But, contrary to our obligation as a federal court in diversity cases, the court ignores both the origin of the equitable doctrine the Supreme Court of Missouri would apply to this issue, and the factual inquiry Missouri appellate courts have consistently required. Applying these controlling precedents, I conclude the district court erred in granting summary judgment awarding priority to the government’s intervening tax lien. I would remand the case for trial.
The court’s critical error was to begin its analysis by declaring that “Missouri has adopted” § 7.3(a)(1) of the Restatement of the Law (Third) Property: Mortgages, supra p.6. The Mortgages subpart of the Restatement of the Law Property did not exist until 1997, decades after the Supreme Court of Missouri established the equitable principle here at issue. Section § 7.3(a)(1) is generally consistent with Missouri law and thus has been described by the Missouri Court of Appeals as “concisely stat[ing]” Missouri law. Golden Delta Ents. LLC v. US Bank, 213 S.W.3d 171, 176 (Mo. App. 2007). But stating Missouri law in this manner caused the court to ignore the factual focus mandated by the Supreme Court of Missouri.
The Supreme Court of Missouri adopted the equitable replacement-mortgage doctrine in Greenfield v. Petty, 346 Mo. 1186, 145 S.W.2d 367, 370-71 (1940):
It is the general rule that where the holder of a senior mortgage discharges it of record, and contemporaneously takes a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to an intervening lien unless it was his intention to do so. ... “Ordinarily the mere substitution of one form of security for another which has been released or discharged does not, in and of itself, establish the intent of the parties to accept the latter security as full payment for the earlier, where the result would be a loss of priority of lien.” 98 A.L.R. 846.
[T]he question of the actual release and discharge of the old mortgage is, according to the equitable doctrines relevant here, one of intent and that intent is a question of fact.
i¡¡ í|? ^
[W]e must look at all the records. At the same time the old mortgage was released a new mortgage ... was placed of record. Under the law the release itself was not conclusive notice of either payment or discharge of the old mortgage. The contemporaneous recording of the new mortgage gives rise to a presumption of a contrary intent — one to preserve and continue the priority of the superior lien.
The fact-based principles established in Greenfield — that the critical question is the intent of the parties to a refinancing transaction, and that the contemporaneous recording of a new mortgage gives rise to a presumption of the intent to retain priority — have guided all published Missouri Court of Appeals cases that have applied Greenfield’s replacement-mortgage doctrine. See DeWees v. Stoup, 494 S.W.2d 372, 374 (Mo. App. 1973) (“intent with which a real estate mortgage is released and not notice governs in determining whether the mortgage is extinguished as to the junior lien”); Golden Delta, 213 S.W.3d at 176 (remanding for further findings needed to determine lien priority); Constr. Equip. Mgmt., Inc. v. Dunhill Dev. Corp., 892 S.W.2d 639, 644-45 (Mo. App. *816 1994) (“the recording of a new mortgage contemporaneously with the release of an old mortgage, securing the same indebtedness creates a presumption of an intent to preserve the priority of the first mortgage”); accord Breit v. Bowland, 127 S.W.2d 71, 74 (Mo. App. 1939) (a prior Court of Appeals decision cited favorably in Greenfield, 145 S.W.2d at 371). In every one of these cases, the appellate court reviewed this issue on a trial record.
Absent from the district court’s decision — and now this court’s decision — is an analysis of what New Century and the Tolins intended when they released the 2004 deed of trust and replaced it with the 2006 deed of trust. Instead, focusing on the Restatement’s articulation of the doctrine — which is not Missouri law — the court concludes that release of the 2004 deed of trust and recording of the 2006 deed of trust were not “part of the same transaction” because they were not sufficiently “contemporaneous.” This analysis is contrary to Missouri law. First, if intent to preserve first-lien priority is the critical issue, the “same transaction” question must focus on the refinancing transaction, not on the recording of the deeds of trust resulting from that transaction. There, is little evidence' in this summary judgment record of what New Century and the To-lins intended when the new note and deed of trust were executed on March 24, 2006, before the government’s notice of federal tax lien had been recorded.
Second, the court converts a presumption under Missouri law — that contemporaneous recording of a new mortgage reflects the intent to retain priority — into a rule that the absence of facts triggering the presumption means that priority was not retained as a matter of law. Even if the recording of the new deed of trust was not sufficiently contemporaneous to trigger the presumption, which is a disputed issue of fact, there may be reasons for the time gap that do not preclude a finding of intent to retain lien priority, such as the apparent absence of competing liens, or simply a mistake, negligent or otherwise, that did not prejudice the government’s junior lien.[4]
Third, the court rules that, because the gap in time between release of the 2004 deed of trust and recording of the 2006 deed of trust was greater than in any prior Missouri decision, this -establishes loss of lien priority as a matter of law. No Missouri case suggests that the fact-intensive question of whether the holder of a discharged senior lien retained lien priority by “contemporaneously tak[ing] a new mortgage,” Greenfield, 145 S.W.2d at 370, can be resolved by looking at the number of days between release and recording, without regard to other facts relevant to the intent to retain priority.
The Restatement does not speak to the issue of what is a contemporaneous transaction. The Illustrations to § 7.3 simply recite that “[t]he latter mortgage is promptly recorded,” leaving this fact question to state law. The Introductory Note states that “construction lenders ... sometimes release the construction mortgage of record and either immediately or within a short period record a permanent mortgage.” (Emphasis added.) Section 7.3(a)(2) explains that a replacement mortgage will not retain priority if “one who is protected by the recording act acquires an interest in the real estate at a time that the senior mortgage is not of record.” These entries confirm that the court’s emphasis on “release-first sequencing” conflicts with the *817 Restatement’s general rule, as well as with Missouri’s pre-existing equitable doctrine. See Greenfield, 145 S.W.2d at 370 (“the release of a mortgage is not conclusive as to its discharge”); DeWees, 494 S.W.2d at 374 (“intent ... and not notice governs ... whether the mortgage is extinguished as to the junior lien”).
The record on appeal reveals conflicting evidence of the parties’ intent, and no factual findings by the district court on that issue. Missouri courts have looked to a variety of factors in discerning intent. On this summary judgment record, I conclude the court errs in ruling on a fact-intensive issue that has never been decided.on less than a trial record by the Missouri appellate courts. I would reverse the grant of summary judgment and remand to the district court for furthei proceedings.

. As the court notes, the replacement-mortgage doctrine applies only to the extent an intervening lienholder is not prejudiced. U.S. Bank concedes that the $89,350 increase in the amount secured by the 2006 deed of trust is subordinate to the government’s tax lien.